United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>               Plaintiff,<br><br>    v.<br><br>THERESE ANN WUNDERLICH, et al.,<br><br>               Defendants. | Case No.  22-cv-00355-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

## I.    INTRODUCTION

Plaintiff Andres Gomez brings this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and California's Unruh Act, Cal. Civ. Code §§ 51-53, alleging Defendants Therese Ann Wunderlich, Christopher James Wunderlich, Gianna Marie Giovannoni's website is not accessible to blind and visually impaired individuals.  Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 15.  Gomez filed an Opposition (ECF No. 19) and Defendants filed a Reply (ECF No. 20).  The Court previously found this matter suitable for disposition without oral argument.  ECF No. 21.  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** motion for the following reasons.[1]

## II.    BACKGROUND

Gomez is legally blind and cannot use a computer without assistance of screen-reader software ("SRS").  Compl. ¶ 1, ECF No. 1.  Defendants own or operate Napawunder, located in Napa County, California, as well napawunder.com.  *Id.* ¶¶ 2-4, 15.  According to Gomez,

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 17, 18.

"Napawunder operates privileges, goods or services out of a physical location in California.  These services are open to the public, places of public accommodation, and business establishments." *Id.* ¶ 12.  "Among the services offered include [sic]: details about the Houses and the Napawunder itself, location and contact information; Napawunder policies; information about houses on sale or rent, deals and promotions without any ambiguity as to the amenities that would be available to the patron."  *Id.* ¶ 15.

Gomez visited the website in March and July 2021 "with the intent get [sic] information about houses on sale in Northern California."  *Id.* ¶ 17.  He alleges he could not successfully navigate the website using SRS because "[i]mages on the website lack a text equivalent readable by SRS," "[t]he website contains form elements that are not identified with functional text readable by SRS," and "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements[,]" among other issues.  *Id.* ¶ 18. By failing to provide an accessible website, Gomez alleges Defendants denied him full and equal access to the facilities privileges or advantages offered to their customers.  *Id.* ¶ 23.  He further alleges he has been deterred from returning to the website as a result of these prior experiences. Gomez alleges he "will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Napawunder and Website are accessible," but he "is currently deterred from doing so because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website."  *Id.* ¶¶ 27-28.

Gomez filed this case on January 19, 2022, asserting claims under the ADA and California's Unruh Act.  *Id.* ¶¶ 36-47.  Defendants filed the present motion on May 2, 2022.

## III.   LEGAL STANDARD

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*; *Chandler v. State Farm Mut. Auto.*

*Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.  A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.   DISCUSSION

Defendants argue Gomez's complaint must be dismissed because (1) he lacks standing to assert a claim under the ADA and (2) the Unruh Act claim falls with the ADA claim.

### A.      ADA Claim

Standing is a requirement for federal court jurisdiction.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016).  To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 338.

Standing for an ADA claim has additional nuances, which are connected to what a plaintiff must show to prevail on the merits of an ADA claim.  "To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public

accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (discussing 42 U.S.C. § 12182(a)).  The Ninth Circuit has stated that a plaintiff in an ADA case may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

For a website to cause cognizable injury under the ADA, there must be a "nexus" between the website and a physical place of public accommodation.  *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019).  "The 'nexus' requirement under the ADA requires a plaintiff to allege that the website deterred him from taking advantage of the physical place of accommodation." *Gomez v. Miersch*, 2022 WL 1271009, at *2 (N.D. Cal. Apr. 28, 2022).  In *Robles*, a blind plaintiff alleged that Domino's Pizza violated the ADA by failing to design its website and mobile app to be compatible with SRS.  913 F.3d at 898.  The Ninth Circuit held that there was a "nexus" between Domino's website and a physical location because "[c]ustomers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup." *Id.* at 905.

Following *Robles*, district courts have found the "nexus" requirement met only when a website's "inaccessibility impedes [the plaintiff's] access to the services of defendant's physical office." *Gomez v. Gates Ests., Inc.*, 2022 WL 458465, at *4 (N.D. Cal. Feb. 15, 2022); *see also Miersch*, 2022 WL 1271009, at *2 ("For Gomez to have cognizable injury, the website must have prevented him from locating (and taking advantage of) a physical place of accommodation, even as the website provides this information to those who are not visually impaired."); *Williams v. Amazon.com Inc*., 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) (asking whether defendant was "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); *Haggar v. Ashley Furniture Indus., Inc.*, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) (similar).

Here, the complaint fails to plausibly allege a nexus between Defendants' website and a physical location.  It asserts that Gomez is blind and requires the assistance of a screen reader to

1   use a computer.  And it explains that he sought to use Defendants' website to access its real estate

2   services but encountered difficulties because the website's design prevented the use of a screen

3   reader.  But the complaint does not allege a connection between the website—which lists real

4   estate offerings—and a physical location.  It states only that Napawunder "operates privileges,

5   goods or services out of a physical location in California" and concludes that the website "is a

6   nexus" between the customers and the "terrestrial based privileges, goods or services" offered by

7   Defendants.  Those conclusory allegations fall short.  Gomez does not assert that Defendants

8   operate any physical location (such as a real estate office) that customers might visit in person.

9   Nor does he allege that the various real estate offerings listed on the website, like private homes

10  for sale, qualify as public accommodations under the ADA.  The complaint fails to allege any facts

11  detailing what "physical location" Defendants operate.  *See Gomez v. Smith*, 2022 WL 117763, at

12  *3 (N.D. Cal. Jan. 12, 2022) (dismissing the complaint on similar facts); *Gates Ests., Inc.*, 2022

13  WL 458465, at *4-5 (same).

14          Further, although Gomez alleges he is a "prospective customer" who visited the website

15  "with the intent get [sic] information about houses on sale in Northern California," Compl. ¶ 17,

16  "there is no 'nexus' where the plaintiff is merely curious about the business." *Miersch*, 2022 WL

17  1271009, at *2 (citing *Gomez v. Smith*, 2022 WL 117763, at *3) (no nexus because the plaintiff

18  did not allege any "relevant physical place of public accommodation" he intended to visit); *Gates

19  Ests., Inc.*, 2022 WL 458465, at *4 ("[T]he ADA does not protect his general interest in being able

20  to gather information from defendant's website unrelated to any desire to avail himself of

21  defendant's actual services."); *Langer v. Pep Boys Manny Moe & Jack of California*, 2021 WL

22  148237, at *6 (N.D. Cal. Jan. 15, 2021) (no nexus because the plaintiff neither "allege[d] that he

23  intended to visit a Pep Boys' location and could not because the website was inaccessible," nor

24  "represent[ed] that he was trying to use the website to order goods or services from Pep Boys'

25  physical location"); *Thurston v. FCA US LLC*, 2018 WL 700939, at *3 (C.D. Cal. Jan. 26, 2018)

26  (no nexus because the plaintiff "does not allege that she was unable to locate a dealership," that

27  she was unable to access the help phone number, or "that she actually intended to visit a

28  dealership")).

United States District Court
Northern District of California

United States District Court
Northern District of California

1         In his opposition, Gomez argues his status as an ADA tester is adequate to establish

2    standing.  Opp'n at 3-4.  His argument is based upon his reading of the Ninth Circuit's decision in

3    *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093

4    (9th Cir. 2017) ("*CREEC*").  In *CREEC*, a nonprofit civil rights organization and hotel patrons

5    sued a real estate investment trust alleging that hotels owned by the trust failed to provide

6    equivalent wheelchair-accessible transportation at its hotels.  *CREEC*, 867 F.3d at 1097.  At issue

7    was whether a plaintiff has constitutional standing where her only motivation for visiting a facility

8    is to test it for ADA compliance.  *Id.* at 1096.  The Ninth Circuit held that the "[n]amed

9    [p]laintiffs' status as ADA testers did not deprive them of standing."  *Id.* at 1102.  Thus, Gomez is

10   partially correct insofar as he contends that his status as a tester in this case does not deprive him

11   of standing.

12        However, insofar as he suggests that tester status automatically confers standing under the

13   ADA, he is incorrect.  "Simply being a 'tester' plaintiff does not eliminate basic standing

14   principles—a disabled plaintiff may not sue a business for injunctive relief simply because an

15   ADA violation exists.  Instead, a plaintiff—even a 'tester' plaintiff—must allege sufficient facts to

16   show an intent to return (*Chapman*, 631 F.3d at 949) or that 'a defendant's failure to comply with

17   the ADA deters her from making use of the defendant's facility.'"  *Johnson v. JKLM Properties,*

18   *L.L.C.*, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020) (quoting *CREEC*, 867 F.3d at 1098).

19   Indeed, in *CREEC*, the Ninth Circuit concluded that the named plaintiffs had standing not because

20   they were "testers" but because they had sufficiently alleged that they intended to visit defendant's

21   hotels, they were deterred from doing so by the hotels' noncompliance with the ADA, and they

22   would visit the hotels when the non-compliance was cured.  *CREEC*, 867 F.3d at 1099.  The Ninth

23   Circuit observed that without these averments, the plaintiffs would lack standing.  *Id.*  Thus,

24   because Gomez fails to allege Defendants operate a physical location (such as a real estate office)

25   that customers might visit in person, his status as a tester alone does not confer standing.

26        Finally, after the parties completed briefing the present motion, the Court gave Gomez an

27   opportunity to file a declaration signed under penalty of perjury stating the factual basis for his

28   standing under the ADA, namely, whether (1) he intends to visit Defendants' physical location,

6

United States District Court
Northern District of California

1   assuming one exists, or (2) he was deterred from accessing the services offered by Defendants'

2   assumed physical location, i.e., the sale of real estate.  ECF No. 21.  As part of that order, the

3   Court noted that in several other cases in this District alleging identical allegations against similar

4   defendants, Gomez has declared, under penalty of perjury, that he had "no present intention" of

5   vising the physical offices of any of the defendants (to the extent such offices in-fact exist).  *See,*

6   *e.g., Gomez v. Lesti Real Estate, Inc.*, 21-cv-9554 SI, ECF No. 25 ¶ 11; *Gomez v. Gates Ests., Inc.*,

7   21-cv-07147-WHA, ECF No. 34-1 ¶ 11; *Gomez v. Paulo Corro*, 21-cv-07085-SI, ECF No. 34-1 ¶

8   11; *Gomez v. Skip Keyser Realty, Inc.*, 21-cv-07409-SI, ECF No. 27-1 ¶ 11.  Gomez also declared

9   that he did "not presently have an intention to buy any specific property at a specific time," i.e.,

10  that he did not intend to utilize the services offered by the defendants.  *Lesti Real Estate, Inc.*, 21-

11  cv-9554 SI, ECF No. 25 ¶ 7; *Gates Ests., Inc.*, 21-cv-07147-WHA, ECF No. 34-1 ¶ 7; *Paulo*

12  *Corro*, 21-cv-07085-SI, ECF No. 34-1 ¶ 7; *Skip Keyser Realty, Inc.*, 21-cv-07409-SI, ECF No. 27-

13  1 ¶ 7.  Those cases were all dismissed with prejudice for lack of standing.  *Gates Ests., Inc.*, 2022

14  WL 458465, at *5 (N.D. Cal. Feb. 15, 2022); *Gomez v. Corro*, 2022 WL 1225258, at *2 (N.D.

15  Cal. Apr. 26, 2022); *Gomez v. Skip Keyser Realty, Inc.*, 2022 WL 1225017, at *2 (N.D. Cal. Apr.

16  26, 2022); *Lesti Real Estate, Inc.*, 21-cv-9554 SI, ECF No. 26.

17          On June 2, 2022, Gomez filed a declaration in response.  ECF No. 23.  As in the cases

18  cited above, Gomez again states that "[w]indow shopping and dreaming about real estate is a

19  hobby of mine," and that "[w]hile I am interested in the services the defendants offer online, I do

20  not have any present intention to visit that physical office."  *Id.* ¶¶ 11-12.  The "services" to which

21  Gomez refers are the active real estate listings on the website, and he states that "there is value to

22  me in consuming the information provided in real estate listings . . . ."  *Id.* ¶¶ 5-6.  Thus, Gomez's

23  declaration confirms that the only Napawunder "service" he wishes to access is reading the real

24  estate listing information contained on the Napawunder website.

25          In sum, the Court finds Gomez has not specifically pleaded that there is a physical place of

26  accommodation associated with napawunder.com that he intended to visit, nor has he pleaded that

27  the website prevented him from visiting that location.  "For Gomez to have cognizable injury, the

28  website must have prevented him from locating (and taking advantage of) a physical place of

1    accommodation, even as the website provides this information to those who are not visually

2    impaired." *Miersch*, 2022 WL 1271009, at *2; *see also Gomez v. Como*, 2022 WL 1082016, at *3

3    (N.D. Cal. April 4, 2022) (dismissing Gomez's ADA claim for lack of standing because he offered

4    "only conclusory statements in his complaint, stating that '[t]he Website is a nexus between Real

5    Estate's customers and the terrestrial based privileges, goods or services offered by Real Estate'

6    and that 'Real Estate operates privileges, goods or services out of a physical location in

7    California," and that "'[t]hese services are open to the public, places of public accommodation,

8    and business establishments.'").  "Because Gomez is far from pleading a "nexus" between any

9    purported website inaccessibility and a place of accommodation, he lacks standing for his ADA

10    claim." *Miersch*, 2022 WL 1271009, at *2.

11    **B.    Unruh Act Claim**

12         The complaint also asserts a state-law claim under California's Unruh Civil Rights Act,

13    Cal. Civ. Code § 51.  A violation of the ADA is a violation of the Unruh Civil Rights Act.  Cal.

14    Civ. Code § 51(f).  Because this order dismisses Gomez's federal claim for lack of subject-matter

15    jurisdiction, dismissal of the supplemental state-law claim is mandatory, not discretionary.

16    *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

17                              **V.    CONCLUSION**

18         For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss.[2]  Given

19    _____

20    [2] While Defendants move to dismiss for lack of jurisdiction under Rule 12(b)(1), at least one judge
     in this district has noted that dismissal is appropriate in these circumstances for failure to state a

21    claim under Rule 12(b)(6).  *See Gomez v. The Magliocco Grp., Inc.*, 2022 WL 1537938, at *1-2
     (N.D. Cal. Apr. 22, 2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)

22    ("The absence of a valid (as opposed to arguable) cause of action does not implicate subject-
     matter jurisdiction."); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a

23    cause of action on which relief could be granted is a question of law and just as issues of fact it
     must be decided after and not before the court has assumed jurisdiction over the controversy.")).

24    Thus, "[w]here a plaintiff fails to allege 'a cognizable legal theory,' dismissal is appropriate for
     failure to state a claim and not because a federal court lacks the power to adjudicate the dispute."

25    *The Magliocco Grp., Inc.*, 2022 WL 1537938, at *1 (citing *Hinds Invs., L.P. v. Angioli*, 654 F.3d
     846, 850 (9th Cir. 2011)).  Here, because Gomez fails to allege a nexus between Defendants'

26    website and a physical place of public accommodation, he fails to plausibly state a claim under the
     Act, and dismissal would be appropriate under Rule 12(b)(6).  *Id.*  However, regardless of whether

27    considered under Rule 12(b)(1) or 12(b)(6), the outcome would be the same.  *Id.* (citing *Morrison
     v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) ("Since nothing in the analysis of the courts

28    below turned on the mistake, a remand would only require a new Rule 12(b)(6) label for the same
     Rule 12(b)(1) conclusion."); *Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1027 (9th Cir. 2021)

that Gomez has declared that he has no present intention of vising Napawunder's physical offices and no intent to utilize any services other than those offered on its website, it is unclear whether his standing issues can be cured.  However, out of an abundance of caution, the Court shall grant Gomez an opportunity to amend his complaint by July 5, 2022.  If no amended complaint is filed by July 5, dismissal shall be with prejudice, with judgment entered accordingly.

**IT IS SO ORDERED.**

Dated: June 13, 2022

THOMAS S. HIXSON
United States Magistrate Judge

(declining to remand "to the district court simply to direct it to affix a new label to its order")).